J-S47001-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER J. SHELLEY | |
| Appellant | No. 2019 MDA 2019 |

Appeal from the Judgment of Sentence entered November 13, 2019
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0003489-1999

BEFORE:    STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY STABILE, J.:                    **FILED FEBRUARY 10, 2021**

Appellant, Peter J. Shelley, appeals from the judgment of sentence imposed on November 13, 2019 in the Court of Common Pleas of Lancaster County following revocation of his probation.  Appellant argues the trial court abused its discretion by imposing a sentence of incarceration following a technical violation of his probation.  Upon review, we affirm.

The trial court provided the following factual and procedural background:

> On May 16, 2000, [Appellant] pled guilty to one count of involuntary deviate sexual intercourse with a child less than thirteen years of age, five counts of involuntary deviate sexual intercourse with a child less than sixteen years of age, one count of aggravated indecent assault of a child less than sixteen years of age, one count of indecent assault of a child less than thirteen

---

[*] Retired Senior Judge assigned to the Superior Court.

years of age, three counts of indecent assault of a child less than sixteen years of age and three counts of corruption of minors. He was sentenced pursuant to a plea agreement to an aggregate sentence of ten to twenty years of incarceration for the counts of involuntary deviate sexual intercourse and a consecutive ten years of probation for all other counts. [Appellant] served the full twenty year sentence of incarceration and his consecutive term of probation began on July 9, 2019.[1]

On August 8, 2019, a motion to issue capias and bench warrant was filed alleging that on August 7, 2019, [Appellant] was in violation of the conditions of his probation for attempting to contact the family member of one of the victims. [Appellant] was found to be in violation of his probation at a hearing on September 9, 2019 where it was revealed that [Appellant] sent two "friend requests" to the husband of one of the victims on Facebook and had additionally sent an unwanted "friend request" to the minor daughter of [Appellant's] brother on Facebook. Following the completion and filing of a presentence investigation report ("PSI"), [Appellant] was sentenced on November 13, 2019 to an aggregate sentence of one to ten years of incarceration.

[Appellant] filed a post-sentence motion on November 25, 2019 and a notice of appeal on December 12, 2019. [Appellant's] post-sentence motion was denied by order dated January 2, 2020. In a statement of errors complained of on appeal, filed on January 3, 2020, [Appellant] challenges the discretionary aspects of his sentence, claiming that the sentence is manifestly excessive and unreasonable and failed to adequately consider alternative sentencing options.

Rule 1925(a) Opinion, 2/7/20, at 1-3 (footnotes, parentheticals, and some capitalization omitted).

Appellant presents one issue for our consideration:

I.      Was the trial court's aggregate sentence of one to ten years' incarceration in a state correctional institution on Docket No.

_____

[1] Included in the terms of probation was a requirement that Appellant have no contact with his victims or their families.

3489-1999 manifestly excessive and an abuse of the court's discretion?

Appellant's Brief at 5 (some capitalization omitted).

Appellant contends the trial court abused its discretion by imposing a manifestly excessive sentence. As such, as the trial court recognized, Appellant presents a challenge to the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. Rhoades*, 8 A.3d 912, 916 (Pa. Super. 2010) (quoting *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004)).

Before we review the discretionary aspect of a sentence, we must consider whether Appellant has satisfied the following four prerequisites:

> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[ ] § 9781(b).

*Commonwealth v. Johnson-Daniels*, 167 A.3d 17, 27 (Pa. Super. 2017) (quoting *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013) (additional citation omitted)).

Here, Appellant filed a timely notice of appeal. He preserved the issue in his post-sentence motion. *See* Post-Sentence Motion, 11/25/19, at ¶¶ 6-8. Further, he has included a Rule 2119(f) statement in his brief. Therefore, we must determine whether he has presented a substantial question.

To establish a substantial question, an appellant must demonstrate that

"the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." [**Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005)]. We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. **Id.** "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." **Id.**

**Rhoades**, 8 A.3d at 916 (emphasis in original; footnote omitted).

Appellant contends the trial court failed to consider that his probation violation was a first technical violation and stemmed from his lack of knowledge of technology and social media. He asserts he was actively seeking employment and was in the process of starting community-based counseling. Appellant's Brief, Rule 2119(f) Statement, at 15.

This Court has held that an "argument that the trial court imposed an excessive sentence to technical probation violations raises a substantial question." **Commonwealth v. Schutzues**, 54 A.3d 86, 98 (Pa. Super. 2012) (citing **Commonwealth v. Crump**, 995 A.2d 1280, 1282 (Pa. Super. 2010)). Therefore, we shall consider the merits of his claim.

As this Court recently reiterated:

The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

- 4 -

***Commonwealth v. Starr***, 234 A.3d 755, 760-61 (Pa. Super. 2020) (quoting

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa. Super. 2012)).

Further:

> Upon revoking probation, a sentencing court may choose from any of the sentencing options that existed at the time of the original sentencing, including incarceration. 42 Pa.C.S.A. § 9771(b). "[U]pon revocation [of probation] . . . the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence."

***Commonwealth v. Colon***, 102 A.3d 1033, 1044 (Pa. Super. 2014) (quoting

***Commonwealth v. Infante***, 63 A.3d 358, 365 (Pa. Super. 2013) (internal

quotation marks and citations omitted)). In accordance with Section 9771(c),

the trial court may impose a sentence of total confinement following

revocation of probation under only three circumstances: the defendant has

been convicted of another crime; the conduct of the defendant indicates he is

likely to commit another crime if not imprisoned; or a sentence of

incarceration is essential to vindicate the authority of the court. 42 Pa.C.S.A.

§ 9771(c).

In the instant case, Appellant contends the trial court abused its

discretion by imposing an excessive sentence of incarceration rather than a

sentence of "time served," in light of the fact his technical violation was his

first and resulted from his lack of familiarity with technology. He argues that

the trial court failed to consider "the relevant, mitigating factors present,"

relying "heavily on very few factors." Appellant's Brief at 23. Our review

refutes that assertion.

The trial court recognized its obligation to consider the protection of the public, the gravity of the offense on the victim and community, and the rehabilitative needs of the defendant. Rule 1925(a) Opinion, 2/7/20, at 4 (citing 42 Pa.C.S.A. § 9721(b)). The court noted the presumption that arises with the preparation and filing of a PSI, *i.e.*, that the court is "aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id.*** (quoting ***Commonwealth v. Moury***, 992 A.2d 162, 172 (Pa. Super. 2010)). The court explained:

> A review of the record clearly demonstrates a meaningful consideration of the appropriate and relevant sentencing factors, including the PSI, [Appellant's] age, maturity, intelligence and work history. [Appellant's] prior record, the time he was incarcerated, the time spent serving the order of probation and sentencing alternatives were also specifically taken into consideration. While this was [Appellant's] first probation violation, it occurred less than a month after his release and, furthermore, there is a distinct difference between this violation and other technical violations. Regardless of [Appellant's] compliance with the other terms of his probation, compliance with the condition requiring him to avoid contact with minors—more than any other—ensures that [Appellant] cannot sexually assault any other minors. [Appellant] attempted to contact a minor family member over the internet less than a month after being released from incarceration. That same day, [Appellant] made two separate attempts to contact the husband of one of his victims causing the victim and her husband extreme anxiety and fear. Incredibly telling is the fact that [Appellant's] initial attempt to contact the victim's husband was retracted by [Appellant] and then later reinitiated after [Appellant] had uploaded a picture of himself to his Facebook account. [Appellant's] conduct provides clear indication that [he is] likely to commit another crime if he is not imprisoned and that such a sentence is essential to vindicate the authority of this court. Therefore, [Appellant] was sentenced to a term of incarceration. [Appellant's] aggregate sentence is

proper and appropriate in light of all the relevant factors and takes into consideration the protection of the public, the gravity of the offense on the victims and community and the rehabilitative needs of the defendant.

Rule 1925(a) Opinion, 2/7/20, at 4-5 (footnotes with citations to sentencing transcript and some capitalization omitted).

Based on our review of the record, including the revocation proceedings and sentencing hearing, we discern no abuse of discretion on the part of the trial court in imposing a sentence of incarceration. Therefore, we shall not disturb the trial court's imposition of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/10/2021